In the Matter of Thomas Di **BELLA**, a witness before a Special May, 1974 Grand Jury in the Eastern District of New York.

**No. 1218, Docket 74–1813.**

United States Court of Appeals, Second Circuit.

Argued June 27, 1974.

Decided July 3, 1974.

Henry J. Boitel, New York City (Philip Vitello, New York City, on the brief), for appellant.

Robert G. DelGrosso, Atty., Dept. of Justice (David G. Trager, U. S. Atty. for the E. D. N. Y.; Gerard T. McGuire, Atty., Dept. of Justice, on the brief), for appellee.

Before MOORE and FEINBERG, Circuit Judges, and PALMIERI, District Judge.*

* Of the United States District Court for the Southern District of New York, sitting by designation.

FEINBERG, Circuit Judge:

Thomas Di Bella appeals from an order of the United States District Court for the Eastern District of New York, Jacob Mishler, *Chief Judge*, holding him in civil contempt. For reasons given below, we affirm the judgment of the district court.

We state the relevant facts briefly since the issue is narrow, the matter is urgent and we are commanded to dispose of the appeal "as soon as practicable, but not later than thirty days from the filing of" the appeal—a period which in this case expires on July 13, 1974.[1] In May 1974, a Special Attorney attached to the Brooklyn Strike Force applied to the Department of Justice for authorization to seek an immunity order regarding appellant Di Bella in his appearance before a special grand jury in the Eastern District of New York. This body was empanelled to investigate racketeering—in particular, illegal gambling and loan sharking and related activities. A designated Assistant Attorney General approved the request. Thereafter, the Special Attorney applied to the United States District Court for the Eastern District of New York for an order granting immunity to Di Bella under 18 U.S.C. §§ 6002, 6003, reproduced in the margin.[2] In the course of the hearing on the application, the United States Attorney for the Eastern District personally appeared and signed the application for an immunity order. Chief Judge Mishler then granted the immunity sought. Nevertheless, Di Bella refused to answer questions put to him, despite the court's order to do so. The judge thereafter held Di Bella in civil contempt, and sentenced him to a term of six months or the life of the grand jury, whichever proved to be shorter, or until such earlier date as he chose to purge himself by complying with the order to testify. Execution of the sentence was stayed, and the matter is before us on

---

1. 28 U.S.C. § 1826(b) reads in pertinent part: "Any appeal from an order of confinement under this section shall be disposed of as soon as practicable, but not later than thirty days from the filing of such appeal."

2. 18 U.S.C. § 6002 provides:
   Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—
   (1) a court or grand jury of the United States,
   (2) an agency of the United States, or
   (3) either House of Congress, a joint committee of the two Houses, or a committee or subcommittee of either House, and the person presiding over the proceeding communicates to the witness an order issued under this part, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.
   18 U.S.C. § 6003 provides:

(a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a court of the United States or a grand jury of the United States, the United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, upon the request of the United States attorney for such district, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in section 6002 of this part.
(b) A United States attorney may, with the approval of the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General, request an order under subsection (a) of this section when in his judgment—
(1) the testimony or other information from such individual may be necessary to the public interest; and
(2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

an expedited appeal from the judgment of contempt.

Appellant's argument is bottomed on alleged defects in the procedure followed by the Government in securing the grant of immunity. He claims that 18 U.S.C. § 6003, see note 2, contemplates a three-step method of obtaining immunity orders for grand jury witnesses: (1) application to the Attorney General, his Deputy or designate; (2) approval by one of these officials; and (3) subsequent request to the court. Appellant claims that steps one and three in this procedure require the personal approval and participation of the United States Attorney for the district in which the grand jury is convened. It is conceded that in this case the Special Attorney—without the knowledge of the United States Attorney—procured the Department of Justice approval and applied to the district court to immunize Di Bella. According to appellant, this rendered invalid both the order of immunity and the contempt order based upon it.

Appellant relies heavily on the language in 18 U.S.C. § 6003(b) that "*A United States attorney* may, with the approval of the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General, request an [immunity] order . . . when *in his* judgment" (emphasis added) the statutory criteria are met. The language by its terms applies only to step three in the process, the request to the district court for an order granting immunity. But according to appellant, this manifests a congressional desire to circumscribe immunity grants by limit-

ing them to instances where, in the judgment of the United States Attorney, the testimony of the individual "may be necessary to the public interest" and is not likely to be given without an immunity grant. Id. Therefore, appellant argues, the same restrictions that govern step three in the process must apply to the first step as well.

▆▆ We do not concur in this reasoning. The statute says nothing about *how* Department of Justice approval—admittedly present here—must be obtained. In the absence of specific contrary language, we see no reason why the request to the Attorney General cannot be made by an authorized agent other than the United States Attorney—in this instance, the Special Attorney. Congressional concern over the process would appear satisfied if, as was the case here, both the Attorney General or his statutory designate and the United States Attorney agree on the desirability of immunity before a court actually grants it.[3] We do not suggest, however, that it is sound policy for even the first step to be taken without the knowledge and concurrence of the United States Attorney. Chief Judge Mishler properly emphasized

. . . the difficulty we have in having two law enforcement agencies in the district, one strike force and the other the United States Attorney . . . .

He further remarked:

. . . I pointed up the problem that we have in having the Strike

3. In his reply brief, appellant makes an argument not addressed to the court below; i.e., that the Regulations of the Department of Justice support his position. 28 C.F.R. § 0.175. Although long-standing administrative interpretation of a statute is entitled to weight, Brennan v. OSHRC (Gerosa), 491 F.2d 1340, 1344 (2d Cir. 1974), we put to one side the length of time that this regulation has been in effect since we do not find it dispositive.

Appellant also relies on the recent case of United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974), which strictly construed the requirement of 18 U.S.C. § 2516(1), requiring that applications for electronic surveillance be approved by the Attorney General or his specific designate. This decision is not really in point, however, since it deals with a procedure analogous to our step two, supra, compliance with which is not at issue here.

Force make applications in the name of the United States Attorney when the United States Attorney has no supervision or jurisdiction or very little. That's another problem. You might point that up to the Attorney General.

Nevertheless, these are questions of proper administration and do not affect the statutory requirement.[4]

■■ We believe that this substantially disposes of the appeal. While appellant tells us that the United States Attorney was ignorant of the application to the district court for an order immunizing Di Bella—what we have called step three—the point is not emphasized. The obvious reason is that the nunc pro tunc proceeding, sensibly initiated by Judge Mishler, at which the United States Attorney appeared and signed the necessary papers, honored the apparent mandate of the statute. Cf. United States v. Giordano, supra note 3, at 1177, 94 S.Ct. at 1830 n.12. On the other hand, the Special Attorney presses this issue, claiming that even at this last stage the approval and participation of the United States Attorney is not required. Strictly speaking, the question is not before us because the United States Attorney, as indicated, did approve and sign the application for an order, albeit belatedly. But in the exercise of our supervisory power over a procedure that will obviously recur, we note that the wiser course in the future would be to directly involve the United States Attorney in the application to a district court for an immunity order.

■ Having found that the immunity order was in all respects properly procured, we affirm the judgment of contempt entered upon Di Bella's failure to obey the court's command to answer the prosecutor's questions.

4. We were told at oral argument that the failure of communication here was due to recent changes in top personnel in the Strike Force and the United States Attorney's office.