**In re Felipe SADIN, Appellant.**

**No. 1250, Docket 74-2003.**

United States Court of Appeals,
Second Circuit.

Submitted Aug. 13, 1974.

Decided Jan. 23, 1975.

Helena Pichel Solleder, New York City, for appellant.

Paul J. Curran, U. S. Atty., New York City (Steven A. Schatten, John D. Gordan III, Asst. U. S. Attys., of counsel), for appellee.

Before OAKES, Circuit Judge, and FRANKEL and KELLEHER, District Judges.*

KELLEHER, District Judge:

This appeal is from an order of civil contempt entered on July 19, 1974, pursuant to 28 U.S.C. § 1826, by Judge Kevin Duffy of the United States District Court for the Southern District of New York.

We affirm.

Appellant, a Spanish-speaking Cuban who understands and speaks no English, was indicted on April 11, 1974, by a Federal Grand Jury in the Southern District of New York and charged with conspiracy to violate, and the substantive violation of, the Federal Narcotics Laws, 21 U.S.C. §§ 812, 841(a)(1), (b)(1)(A). Because appellant was a permanent resi-dent in the Northern District of Ohio, the indictment was transferred there pursuant to Rule 20, Federal Rules of Criminal Procedure, where, on June 28, 1974, appellant pleaded guilty to all counts.

On July 9, 1974, appellant was summoned before a Federal Grand Jury in the Southern District of New York. He there refused to answer certain questions concerning the activities charged in the indictment. Appellant was immediately brought before Judge Robert J. Ward, the then-sitting Part I Judge, where he invoked his Fifth Amendment privilege against self-incrimination. Judge Ward apparently accepted the claim of privilege for the purposes of the July 9th proceedings, but directed that appellant be returned to the Grand Jury room.

Appellant was brought before the Grand Jury on July 17, 1974, where he was informed of his right to refuse to answer for just cause, of his right to have counsel outside the Grand Jury room, and of his right to appointed counsel. Asked if he had retained and consulted with a Mr. Kaplan, the attorney who represented him in the Ohio guilty plea, in connection with this Grand Jury proceeding, appellant responded in the affirmative. Appellant again refused to answer any questions. Shortly thereafter, on the same day, appellant was granted immunity pursuant to 18 U.S.C. §§ 6002 and 6003 in connection with his Grand Jury testimony. Appellant was then recalled before the Grand Jury, and the immunity order was read and translated for him. He was then advised that if he refused to answer any questions, he could be subjected to imprisonment pursuant to 28 U.S.C. § 1826. Appellant persisted in his refusal to answer any questions. He was then brought before Judge Duffy, the Part I Judge, where he still refused to answer any questions. Upon inquiry by the Court, appellant said that he had discussed his appearance with an attorney. Accordingly, Judge

* Of the Southern District of New York and Central District of California, respectively, sitting by designation.

Duffy, pursuant to 28 U.S.C. § 1826, found appellant in contempt and remanded him to the custody of the Attorney General until he answered, or for the term of the Grand Jury. At the same time, Judge Duffy ordered a Spanish-speaking attorney assigned to appellant and stated that, should he decide to testify, he was to be returned directly to court.

Court-appointed counsel conferred with appellant that day and took immediate steps to obtain a hearing before Judge Duffy in an effort to have the judgment set aside and vacated. Because of other commitments, the Court was unable to grant a hearing until Friday morning, July 19, 1974. At the July 19, 1974, hearing, appellant's court-appointed counsel for the first time had an opportunity to read a copy of the proceedings before Judge Duffy and the Grand Jury. Appellant's counsel argued before Judge Duffy that the Court's contempt order should be vacated and set aside because appellant was not represented by counsel at the July 17, 1974, hearing, and that proceeding was so summary as to violate appellant's right to due process of law. In denying the motion to set aside and vacate its contempt order, the Court "reconsidered" what it had done and, over counsel's protest, again asked appellant if he persisted in refusing to answer the questions put before him by the Grand Jury. After consulting with counsel, appellant refused to answer. The Court again found the witness in contempt. Appellant was "paroled" by Judge Duffy pending the outcome of his appeal. It should be noted that on July 29, 1974, appellant was sentenced to five years in prison in Ohio for his violation of the Federal Narcotics Laws.

In order properly to dispose of this case, this Court need only reach the question of whether the proceedings on July 17, 1974, and July 19, 1974, were so summary as to deny appellant due process of law.

There appears to be a question raised in this appeal as to whether appellant had retained counsel, had knowingly waived his right to counsel or was entitled to the presence of counsel during the July 17, 1974, proceedings. Any error in this regard we think was cured when the Court appointed counsel after the July 17, 1974, hearing, and, therefore, we need not now address any questions concerning appellant's right to the effective assistance of counsel in a civil contempt proceeding.

28 U.S.C. § 1826 provides in part that any witness who refuses without just cause to comply with an order of the court to testify may summarily be ordered confined until such time as he is willing to testify.

The only holding in this court which addresses civil contempt procedures brought under 28 U.S.C. § 1826 because of a refusal to testify after a grant of immunity before a Grand Jury is United States v. Handler, 476 F.2d 709 (2d Cir. 1973), in which we held that in the light of the specific provision of § 1826(a) permitting the court "summarily" to order confinement, "certain concessions to ideal process must be made." 476 F.2d at 713. The question here is whether those "concessions" are total, permitting confinement in effect as for summary criminal contempt under Rule 42(a), Federal Rules of Criminal Procedure, or whether the "procedural regularity" of Rule 42(b) or some modified form thereof must prevail.

This Court has repeatedly held that summary criminal contempt under Rule 42(a) of the Federal Rules of Criminal Procedure deprives the contemnor of procedural safeguards, and is, thereby, available only when immediate punishment is necessary to put an end to acts disrupting the proceedings. United States v. Pace, 371 F.2d 810 (2d Cir. 1967); United States v. Marra, 482 F.2d 1196 (2d Cir. 1973); United States v. Wilson, 488 F.2d 1231 (2d Cir. 1973).

In Harris v. United States, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965), Harris was adjudged guilty of criminal contempt under Rule 42(a), Federal Rules of Criminal Procedure, for re-

fusing to answer certain questions before the Grand Jury despite the trial judge's promise of immunity. After the Court gave him an opportunity to purge himself by testifying, he continued to invoke the privilege against self-incrimination. He was summarily adjudged guilty of criminal contempt under Rule 42(a). The Supreme Court reversed, holding that under the circumstances summary punishment was an abuse of the contempt power and that notice and hearing as provided under Rule 42(b) was required. In so holding, the Court was "concerned solely with 'procedural regularity' which, as Mr. Justice Brandeis said in Burdeau v. McDowell, 256 U.S. 465, 477, 41 S.Ct. 574, 576, 64 L.Ed. 1048 (dissenting), has been 'a large factor' in the development of our liberty.' Rule 42(b) prescribes the 'procedural regularity' for *all* contempts in the federal regimes [footnote omitted] except those unusual situations envisioned by Rule 42(a) where instant action is necessary to protect the judicial institution itself." 382 U.S. at 167, 86 S.Ct. at 355, 356. (emphasis added). While *Harris* was decided before the enactment in 1970 of 28 U.S.C. § 1826, we think its commands have some applicability to that statute.

In a similar case, United States v. Alter, 482 F.2d 1016 (9th Cir. 1973), the Ninth Circuit reversed the trial court's summary civil contempt order entered pursuant to 28 U.S.C. § 1826 against a grand jury witness for his failure to answer certain questions after a grant of immunity. In testing the applicability of past holdings concerning summary contempt procedures against the requirements of 28 U.S.C. § 1826(a), the Ninth Circuit made two relevant determinations. The Court, discussing Gelbard v. United States, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972), stated: "the [Supreme] Court said that section 1826(a) was 'intended to codify the existing practice of the federal courts,' citing portions of its legislative history and *Shillitani* (408 U.S. at 42–43 n. 1, 92 S.Ct. at 2358). The unmistakable import of these observations is that section 1826(a) has

no effect upon the procedural ground rules the Court has laid in cases anteceding . . . the enactment of the statute—rules which expressly forbade summary proceedings for such contempts." 482 F.2d at 1022. After a review of *Harris, Shillitani* and *Gelbard,* the Ninth Circuit concluded that, "a proceeding in contempt to compel a federal grand jury witness to testify is civil enough to foreclose his claim that he has a constitutional right to trial by jury (*Shillitani*) and criminal enough to require the application of Rule 42(b) (*Harris*) . . . . It follows, therefore, that . . . [the contemnor] was entitled to notice prescribed by Rule 42(b) and to a reasonable time to prepare his defense, *i. e.,* to show 'just cause' for refusing to respond." 482 F.2d at 1023.

■ Further, as the Court in *Alter* found, "[t]he determination of how much time is reasonable is committed to the sound discretion of the district court. As we learned from *Harris,* however, the proceedings cannot be conducted summarily, and in no event can the time be reduced below a minimum needed adequately to prepare a defense. A reasonable time will vary according to the circumstances of each case." 482 F.2d at 1023.

We hold that in a civil contempt proceeding pursuant to 28 U.S.C. § 1826 where, after a grant of immunity, a witness before the Grand Jury persists in his refusal to testify, he is basically entitled to the "procedural regularities" prescribed by Rule 42(b). See *Wilson, supra,* 488 F.2d at 1233–34; *Marra, supra,* 482 F.2d at 1202.

■ In applying the requirements of Rule 42(b) to the facts in this case, we must consider both hearings. First, we agree fully with Judge Duffy's own characterization that the proceeding on July 17, 1974, was "about as summary as you will find it." There remains the question of whether the "reconsideration" on July 19, 1974, cured any of the procedural defects in the first hearing. The hearing on the 19th was one in

which the contempt order was reconsidered and appellant, pursuant to Rule 42(b), had a reasonable time to prepare a defense. We consider that he had an adequate opportunity to make a showing of "just cause" for his refusal to respond. He made none, and it appears from the record that none was available.

■ Appellant claims that his guilty plea absolved him of the duty to furnish testimony in the Grand Jury with respect to the crime he was involved in and, therefore, the immunity granted under 18 U.S.C. §§ 6002 and 6003 was improper. These claims are unfounded. In United States v. Reide, 494 F.2d 644 (2d Cir. 1974), we held that since a defendant had already been adjudged guilty of a robbery, he had no right to remain silent on matters concerning it. Moreover, in United States v. Wilson, 488 F.2d 1231 (2d Cir. 1973), witnesses who were granted immunity were required to testify in an accomplice's trial. We think these holdings are equally applicable to testimony before the Grand Jury.

■ Appellant further claims that the contempt order of July 17, 1974, should be vacated because he was not given proper notice. In *Handler, supra,* 476 F.2d at 713, we held, in light of the witness's actual knowledge of the nature of the contempt proceeding against him, that there was no denial of due process by failure to provide formal notice. Here, appellant and his court-appointed counsel had adequate notice of the July 19, 1974, hearing. Moreover, notice is provided for in Rule 42(b), Federal Rules of Criminal Procedure, in order to allow a reasonable time for the preparation of a defense. The notice here was adequate for, as we found above, appellant had a reasonable time to prepare his defense.

Order and judgment affirmed.