In the Matter of Thomas DI BELLA, a Grand Jury Witness.

No. 993, Docket 75–1121.

United States Court of Appeals, Second Circuit.

Argued April 11, 1975.

Decided July 8, 1975.

---

Henry J. Boitel, New York City (Philip Vitello, New York City, on the brief), for appellant.

Victor Stone, Atty., Dept. of Justice, Washington, D. C. (David G. Trager, U. S. Atty., E. D. N. Y., Sidney M. Glazer, Atty., Dept. of Justice, on the brief; Robert G. Del Grosso, Special Atty., Dept. of Justice, of counsel), for appellee.

Before HAYS, GURFEIN and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

This is an appeal from an order of civil contempt entered pursuant to 28 U.S.C. § 1826 by Judge Thomas Platt of the United States District Court for the Eastern District of New York. We affirm.

Appellant was subpoenaed to testify before a special grand jury in the Eastern District of New York empanelled to investigate racketeering. On June 10, 1974, Chief Judge Mishler of the United States District Court granted appellant immunity under 18 U.S.C. §§ 6002, 6003, but appellant refused to answer questions put to him and was held in contempt.[1] Alleging defects in the procedure followed by the Government in securing the grant of immunity, Di Bella appealed. On July 3, 1974, in an opinion written by Judge Feinberg, this Court affirmed. *In re Di Bella,* 499 F.2d 1175 (2d Cir. 1974), *cert. denied,* 419 U.S. 1032, 95 S.Ct. 513, 42 L.Ed.2d 306 (1974). On July 12, 1974, a stay of execution of the

---

1. Judge Mishler sentenced Di Bella to a term of six months or the life of the grand jury, whichever proved to be shorter, or until such earlier date as he chose to purge himself by complying with the order to testify.

sentence expired and Di Bella was imprisoned. The special grand jury continued in existence, and the witness refused to purge himself. Consequently, he served the maximum six month period provided for in the contempt order.

In December 1974, Di Bella was re-subpoenaed to appear before the same grand jury. His counsel then moved to quash the subpoena, contending that Robert Del Grosso, a Special Attorney with the Strike Force,[2] had not been authorized pursuant to 28 U.S.C. § 515(a) to conduct investigations before the grand jury in question. Judge Platt denied the motion.

Appellant then went before the grand jury and, as he had done on the previous occasion, refused to answer the questions put to him. At this point, the parties returned to Judge Platt where the Government moved to have the witness held in contempt pursuant to Title 28 U.S.C. § 1826.[3] In response, appellant's counsel contended that the immunity order signed by Judge Mishler was no longer in force. Although Judge Platt disagreed, he offered to sign a new immunity order to dispose of any "technical" objections.[4]

It was at this juncture that the most troublesome portion of the contempt proceeding occurred. Following an offer by Mr. Del Grosso to have the reporter read the grand jury minutes of appellant's appearance to the court, the following colloquy ensued between Judge Platt and Philip Vitello, appellant's counsel:

> Mr. Vitello: Yes, your Honor I want it read into the record.

The Court: Considering the record, you have to step outside.

Mr. Vitello: Your Honor, this Sixth Amendment right here to counsel . . .

The Court: If any portion of the Grand Jury proceedings are read, you are not entitled to hear them.

Mr. Vitello: Then, I respectfully object, your Honor, on the ground that if you are having a contempt hearing in order to incarcerate a witness he has a right to counsel under the Sixth Amendment.

The Court: He will have the right to counsel but during the course of the reading of any questions before the Grand Jury you must be excluded.

Mr. Vitello thereupon left the courtroom but reminded the Court that his departure was under objection.

When the reading of the grand jury minutes was completed, Mr. Vitello returned to the courtroom and was given an opportunity to consult with his client. Judge Platt made clear that Di Bella was permitted to relate the contents of the grand jury minutes to his attorney during such consultation.

Thereafter, Judge Platt once again directed appellant to return to the grand jury and answer all questions put to him. Appellant replied, through his counsel, that he did not wish to return to the grand jury and that, if returned, he would not answer any questions. Judge Platt then found him in contempt and remanded him to custody until such time as he was willing to purge himself by testifying. The sentence was limited to

---

2. The Organized Crime and Racketeering Section of the Criminal Division of the United States Department of Justice.

3. 28 U.S.C. § 1826 provides in pertinent part:

"(a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify . . . the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until

such time as the witness is willing to give such testimony . . . . No period of such confinement shall exceed the life of—
(1) the court proceeding, or
(2) the term of the grand jury, including extensions, before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months."

4. The Government failed to make an application for such an order despite Judge Platt's obvious willingness to sign it.

the shorter of (a) six months or (b) the life of the grand jury. The matter presently before us is an appeal from this order.

■ The major portion of appellant's brief and argument is devoted to the issue of the authority of a Strike Force attorney under 28 U.S.C. § 515(a)[5] to conduct investigations before grand juries. This issue has of late become a favorite of recalcitrant witnesses in the Southern and Eastern Districts of New York. Of the more than half dozen district judges who have been presented with this argument, only one has felt it persuasive.[6] The first of these matters recently reached this Court. The decision in that case, *In re Alphonse Persico*, 522 F.2d 41, (2d Cir. 1975) is completely dispositive of Di Bella's contentions on this issue. Not only was the identical letter of authorization from Assistant Attorney General Petersen involved there, but the very same Strike Force attorney as well. We, therefore, conclude that 28 U.S.C. § 515(a) authorized the appointment questioned herein.

The resolution of this issue, however, does not dispose of the appeal. Appellant raises three additional points.

■ The first of these is that the immunity granted by Judge Mishler on June 10, 1974 was no longer valid in March 1975.[7] Although we do not understand why the Strike Force attorney

neglected to make application to Judge Platt for a new order, we nonetheless conclude that the original order remained valid. It was not limited in time. Moreover, the grand jury referred to therein was the same jury before which appellant appeared in March 1975. Appellant has failed to cite any authority for inferring an expiration date in the order so long as the grand jury continued its investigation. The reason for the absence of supporting authority is obvious.

■ Appellant next contends that Judge Platt's exclusion of the general public from the courtroom during a portion of the contempt proceeding violated his Sixth Amendment right to a public trial. The Supreme Court rejected this argument in *Levine* v. *United States*, 362 U.S. 610, 80 S.Ct. 1038, 4 L.Ed.2d 989 (1960), and we see no basis for distinguishing the instant case.

■ Appellant's final contention, although not stressed in brief or oral argument, merits the most attention. As indicated in an earlier portion of this opinion, Judge Platt excluded appellant's counsel during the reading of the grand jury minutes. This, we believe, was error.

■ This Circuit has never squarely decided whether an individual is entitled to counsel in a contempt proceeding under 28 U.S.C. § 1826. Admittedly, such

5. 28 U.S.C. § 515(a) provides in pertinent part:
   "(a) The Attorney General or any other officer of the Department of Justice, or any attorney *specifically* appointed by the *Attorney General* under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings . . . which United States attorneys are authorized by law to conduct . . . ." [Emphasis added.]
   The emphasized portions are those in which the present controversy is centered. Because of the wording, recalcitrant witnesses, like Mr. Di Bella, have contended that a *general* letter of appointment from Mr. Petersen, the Assistant Attorney General, is insufficient.

6. *United States* v. *Crispino*, 392 F.Supp. 764 (S.D.N.Y.1975), Werker, J. *Compare United*

States v. *Albanese* (E.D.N.Y. Feb. 19, 1975), Judd, J.; *United States* v. *Brown*, 389 F.Supp. 959 (S.D.N.Y.1975), Pollack, J.; *Sandello* v. *Curran* (S.D.N.Y. Feb. 27, 1975), Tenney, J.; *United States* v. *Jacobson* (S.D.N.Y. March 3, 1975), Frankel, J.

7. The order read in pertinent part as follows:
   "[I]t is hereby Ordered that Thomas Di Bella answer all questions directed to him by the aforesaid Grand Jury in the Eastern District of New York.
   \* \* \* \* \* \*
   "It is further Ordered that no testimony or other information compelled under this order . . . may be used against Thomas Di Bella in any criminal case. . . . ."

a proceeding is basically civil in nature. The purpose of holding a witness in contempt is to coerce him to answer the grand jury's questions, not to punish him for reprehensible conduct. *In re Persico,* 491 F.2d 1156 (2d Cir. 1974). Yet, the burden of imprisonment is just as great, regardless of what we call the order that imposed it. It is this fact that fosters the need for procedural protection.

Accordingly, in *In re Sadin,* 509 F.2d 1252 (2d Cir. 1975) we held that a witness proceeded against under § 1826 is entitled to the procedural regularities prescribed by Rule 42(b) of the Federal Rules of Criminal Procedure, *i. e.,* notice and a reasonable time to prepare a defense.

*Sadin* left for another day the issue of a recalcitrant witness' "right to the effective assistance of counsel in a civil contempt proceeding." That day has now arrived.

In *Argersinger* v. *Hamlin,* 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) the Court held that, absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he is represented by counsel at his trial. The Circuits with an opportunity to do so have concluded that this right must be extended to a contempt proceeding, be it civil or criminal, where the defendant is faced with the prospect of imprisonment. See *United States* v. *Sun Kung Kang,* 468 F.2d 1368 (9th Cir. 1972); *In re Kilgo,* 484 F.2d 1215 (4th Cir. 1973); *Henkel* v. *Bradshaw,* 483 F.2d 1386 (9th Cir. 1973). We agree.

This conclusion does not, however, mandate reversal herein. Di Bella was, in fact, represented by counsel. It was only during the reading of the grand jury minutes that appellant was required to "stand alone". See *United States* v. *Wade,* 388 U.S. 218, 226, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). While we conclude that Judge Platt erred in permitting this to occur, we do not feel that such error requires reversal under the particular circumstances of this case.

Despite the broad language of such cases as *Hamilton* v. *Alabama,* 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), the absence of counsel at a "critical stage" of a proceeding does not always require a finding of prejudice *per se.* *United States* v. *Wade, supra* ; *Adams* v. *Illinois,* 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972). In some instances, the harmless-error rule of *Chapman* v. *California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), is applicable. *Rogers* v. *United States,* —— U.S. ——, 95 S.Ct. 2091, 45 L.Ed.2d 1 (June 17, 1975); *United States* v. *Calabro,* 467 F.2d 973, 988 (2d Cir. 1972), *cert. denied* 410 U.S. 926, 93 S.Ct. 1357, 35 L.Ed.2d 587 (1973).

We hold that under the peculiar facts of the instant case, *Chapman* applies. Counsel for Di Bella was absent from the courtroom only during the reading into the record of the questions of the grand jury. The contempt did not occur at that time. See Mr. Justice Blackmun's discussion of *Harris* v. *United States,* 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965), in *United States* v. *Wilson,* 421 U.S. 309, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975). Rather it occurred when appellant, after consultation with and in the presence of his attorney, refused to return to the grand jury room and answer any questions.

Appellant gave no reason for his refusal to answer nor asserted any privilege as to any particular question. The record is clear that the witness was not going to answer any questions before the grand jury regardless of their content or phrasing. In the face of this adamant refusal to say anything, the fact that appellant's counsel heard only the substance and not the exact phraseology of questions previously posed could not have been prejudicial. *United States* v. *Handler,* 476 F.2d 709, 714 n. 6 (2d Cir. 1973); *United States* v. *Calabro, supra* ; *United States* v. *Medansky,* 486 F.2d 807, 816 (7th Cir. 1973); *United States* v. *Arrigada,* 451 F.2d 487 (4th Cir. 1971); *McGill* v. *United States,* 348 F.2d 791 (D.C.Cir. 1965).

960

In so holding, we do not intimate that a similar occurrence in the future will not lead to a contrary result. We do not intend to emasculate the rule enunciated herein by ignoring the possibility of prejudice, slight though it may be. We hold as we do in this case because there was none.

Affirmed.