UNITED STATES of America,
Appellee,

v.

Victor DANENZA,
Defendant-Appellant.

No. 339, Docket 75–2111.

United States Court of Appeals,
Second Circuit.

Argued Sept. 26, 1975.

Decided Dec. 18, 1975.

Robert S. Fink, New York City (Kostelanetz, Ritholz & Mulderig, New York City, of counsel), for defendant-appellant.

Mark A. Speiser, Sp. Atty., U. S. Dept. of Justice (Paul J. Curran, U. S. Atty., S. D. N. Y., John C. Sabetta, Asst. U. S. Atty., of counsel), for appellee.

Before MOORE, MULLIGAN and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Victor Danenza appeals from an order of the United States District Court for the Southern District of New York, Robert L. Carter, J., holding him in civil contempt for failure to comply with a grand jury subpoena. We affirm.

The facts, as set forth on the Government's affidavits submitted below, are uncontroverted. Danenza is an American citizen currently residing in Milan, Italy. On May 1, 1975, District Judge Pierce ordered the issuance of a subpoena pursuant to 28 U.S.C. § 1783 (1970)[1] requiring Danenza's appearance before a grand jury investigating possible securities and tax law violations. The order provided that the subpoena:

be served directly on said VICTOR DANENZA, by the appropriate official of the American Consulate in Rome, Italy, or through the appropriate Italian official in accordance with the requirements of Italian Law.

The order and subpoena were delivered by the American Consulate in Milan to the "appropriate" Italian authorities who, on May 22, attempted to serve Danenza in person. Finding him absent, they left the documents with the concierge at his residence, who took responsibility for their delivery in accordance with applicable Italian law.[2] By letter dated May 21, the American Consul informed Danenza that the Consulate General would provide the travel and attendance expenses to which he was entitled.

On May 27, Danenza telephoned the United States Consulate in Milan and stated that the subpoena had not been served on him personally but had been left with the concierge who had placed it in his mailbox. Danenza declined an offer of personal service at the Consulate.

Danenza failed to appear before the grand jury, and the District Court issued an order under 28 U.S.C. § 1784 (1970) requiring him to show cause why he should not be held in contempt. On the return date, Danenza's attorney appeared before Judge Carter and argued orally that the subpoena had been improperly served and that Danenza had no knowledge of its contents. Because of Danenza's total failure to support these claims and because the Government submitted substantial documentary evidence to the contrary, Judge Carter denied Danenza's request for an evidentiary hearing and adjudged him in civil contempt.

On appeal, Danenza's attorney reiterates his attack on the service of the subpoena. He urges that the word "directly" as used in Judge Pierce's order required personal service under either of the alternative modes of service provided for therein, despite the lack of such requirement under Italian law. Assuming for argument that the order was ambiguous, we think the District Court was

1. 28 U.S.C. § 1783 (1970) provides in part:
   (a) A court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it, or before a person or body designated by it, of a national or resident of the United States who is in a foreign country . . . .
   (b) . . . Service of the subpoena and any order to show cause, rule, judgment, or decree authorized by this section or by section 1784 of this title shall be effected in accordance with the provisions of the Federal Rules of Civil Procedure relating to service of process on a person in a foreign country. The person serving the subpoena shall tender to the person to whom the subpoena is addressed his estimated necessary travel and attendance expenses . . . . .

2. Article 139 of the Italian Civil Procedure Code permits substituted service by delivery to the concierge of the building where the person to be served lives.

correct in rejecting appellant's interpretation. Service of process is a statutory matter; and, if the order is ambiguous, the statutory language should be looked to as an interpretative guide. *Pen-Ken Gas & Oil Corp. v. Warfield Natural Gas Co.*, 137 F.2d 871, 885 (6th Cir. 1943), *cert. denied*, 320 U.S. 800, 64 S.Ct. 431, 88 L.Ed. 483 (1944); *Hendrie v. Lowmaster*, 152 F.2d 83, 85 (6th Cir. 1945).

Section 1783(b) requires only that service be made in accordance with the Federal Rules of Civil Procedure "relating to service of process on a person in a foreign country." Rule 4(i), to which this language primarily refers, 1964 U.S. Code Cong. and Admin.News pp. 3782, 3791, provides for five alternative methods of service, including service in the manner prescribed by the law of the foreign country. Designed to provide maximum flexibility in effecting foreign service, 4 Wright and Miller, Federal Practice and Procedure § 1133, at 558–59 (1969), service comporting with any of the options contained in Rule 4(i) is deemed sufficient. Advisory Committee Notes to Rule 4(i); Kaplan, Amendments of the Federal Rules of Civil Procedure, 1961–1963, 77 Harv.L.Rev. 601, 636 (1964). Accordingly, we believe that Judge Pierce's order required no more than that the subpoena be served in accordance with Italian law and the strictures imposed by due process, *see Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The Government's uncontroverted affidavits show that these requirements were met.[3]

■ Nor are we persuaded that Danenza's contempt citation must be overturned because the U. S. Consul, and not the "person serving the subpoena" as provided in 28 U.S.C. § 1783(b) (1970), tendered travel and attendance fees. On the facts of this case, we fail to see how the identity of the person tendering expenses could have affected Danenza's substantive rights when a tender was in fact made. Here, there was a good reason for tender by the American Consul, rather than by the Italian official making service—the U. S. Consulate General was the entity which was to provide the expense money. Congress expressed no such concern with identity when it amended this language in 1964.[4] Accordingly, we hold that the Consul's letter constituted a sufficient tender of the fees in substantial compliance with § 1783(b). *Cf. United States v. De Simone*, 267 F.2d 741, 745 (2d Cir.), *dismissed as moot*, 361 U.S. 125, 80 S.Ct. 253, 4 L.Ed.2d 167 (1959).

■ Finally, Danenza argues that the affidavit and attached exhibits submitted by the Government at the show-cause hearing did not provide the legally requisite proof of contemptuous conduct. He contends that the court below denied him due process by its refusal to grant an evidentiary hearing. This claim is without merit. Danenza was accorded the procedural regularities required by recent case law in this Circuit. *See In Re Sadin*, 509 F.2d 1252 (2d Cir. 1975); *In Re DiBella*, 518 F.2d 955 (2d Cir. 1975).

The documentary evidence presented by the Government was more than adequate to establish that Danenza had knowingly failed to appear on the return date of the subpoena. Moreover, when,

---

3. Any due process argument based on lack of actual notice is factually unwarranted. Danenza's May 27 conversation with the American Vice Consul demonstrates his awareness of the existence of the subpoena as well as its terms.

4. Neither the House nor Senate debates on § 1783(b), 110 Cong.Rec. 596–98, 22857 (1964), nor the Senate Report, 1964 U.S.Code Cong. and Admin.News, pp. 3782, 3790–91, discusses the tender requirement. The present language appears to be a throwback to the original version of the Walsh Act, which mandated that a subpoena be served only by the appropriate American Consul. Act of July 3, 1926, ch. 762, 44 Stat. 835–36. Under the circumstances, it made sense to specify that the same person also tender expenses. Service by consular official is no longer required, however. When, as here, service is effected by a foreign official, but the American Consulate General is responsible for providing expense money, we think that tender by the Consul is sufficient even though service is made by someone else.

as here, an appellant, after receiving the Government's moving papers in ample time to prepare for a show-cause hearing, neglects to take depositions or make a prior demand for an evidentiary hearing and presents nothing to excuse his absence or to create a material issue of fact, there is no constitutional requirement that an evidentiary hearing be held. *See N. L. R. B. v. Red River Lumber Co.*, 109 F.2d 157 (9th Cir. 1940). *Cf. United States v. De Simone, supra.* Unlike the situation in *United States v. Alter*, 482 F.2d 1016, 1024 (9th Cir. 1973), cited by appellant, Danenza was in no way "deprived of a meaningful opportunity to present his defense." He simply failed to take advantage of the opportunity with which he was provided. The Government's affidavits remain unchallenged.

Affirmed.