**In re GRAND JURY INVESTIGATION.**

**Appeal of Steve BRUNO.**

**No. 76–2272.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 21, 1976.
Decided Nov. 23, 1976.

Richard H. Martin, Baskin, Boreman, Wilner, Sachs, Gondelman & Craig, Pittsburgh, Pa., for appellant.

Thomas A. Crawford, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before ALDISERT and GIBBONS, Circuit Judges, and McGLYNN, District Judge.*

## OPINION OF THE COURT

McGLYNN, District Judge.

The appellant, Steve Bruno, was adjudged in contempt of court and ordered confined for failing to answer questions propounded by a Grand Jury after receiving immunity. We vacate and remand for further proceedings because Bruno was denied an opportunity to show just cause for refusing to respond to the Grand Jury's questions.

Bruno and four others entered pleas of guilty to one or both counts of an indictment charging them with conspiracy to operate an illegal gambling business (18 U.S.C. § 371) and the substantive offense (18 U.S.C. § 1955). In due course, sentence was imposed on all five defendants. However, six months later, on June 28, 1976, the court vacated the sentence of one of Bruno's co-defendants, Robert Ianelli, and permitted him to withdraw his plea of guilty.

On September 17, 1976, while the Ianelli case was still pending, Bruno was served with a subpoena directing him to appear and testify before the Grand Jury at 10:00 A.M. on September 20, 1976. Bruno immediately contacted his counsel, who requested a rescheduling of Bruno's appearance because counsel was engaged in a protracted criminal trial. This request was refused by the Special Attorney of the United States Department of Justice, who was conducting the Grand Jury investigation. Accordingly, on September 20, 1976, Bruno appeared before the Grand Jury and asserted his rights under the Sixth Amendment stating that he had retained counsel but had not had an opportunity to consult with him. Bruno was instructed to return to the Grand Jury on Wednesday, September 22, 1976. He

---

* Joseph L. McGlynn, Jr., of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

appeared as directed, but again refused to answer because he still had not had an opportunity to discuss the matter fully with his attorney.

At a hearing conducted that afternoon during the luncheon recess, when counsel was available, Bruno was ordered by the hearing Judge to proceed immediately before the Grand Jury where he was to refuse to answer on Fifth Amendment grounds and then to return for a hearing before the Court at 3:00 P.M. that same day.[1] During this hearing, the Court also directed the Special Attorney to provide Bruno's counsel with an affidavit of purpose.[2]

Bruno, after consulting with his attorney, returned to the Grand Jury room and, after answering several preliminary questions, refused to answer any questions concerning an illegal gambling operation involving himself or Robert Ianelli on Fifth Amendment grounds.

At 3:10 P.M., Bruno, accompanied by his attorney, who in the meantime had been supplied with the *Schofield I* affidavit,[3] again appeared before the hearing Judge at which time the Special Attorney presented to the Court an application for a grant of immunity to Bruno. The Court granted the application, and at 3:15 P.M., signed an order granting Bruno immunity in accordance with the provisions of 18 U.S.C. §§ 6002–6003.

Bruno immediately returned to the Grand Jury room, and when he again was asked questions concerning the operation of an illegal gambling business, he refused to answer. At this session, Bruno did not assert any grounds for his refusal.

Within fifteen minutes, Bruno, accompanied by counsel, was brought before the hearing Judge for the third time that afternoon. The Court, after ascertaining that Bruno refused to answer any questions relating to his knowledge of gambling activities, summarily adjudged him guilty of contempt of court and committed him to the custody of the United States Marshal.

It is Bruno's contention that before he can be adjudged in contempt of court, he is entitled to the full panoply of procedural rights prescribed by Fed.R.Crim.P. 42(b).[4]

---

1. The record reveals the following colloquy between the Special Attorney, Mr. Crawford, and the hearing Judge:

   "Mr. Crawford: Could Mr. Bruno come down and take five now?

   The Court: Why not? Why not? You will have to get it behind you before I can hear anything, won't you?

   Mr. Crawford: Yes, Your Honor. Before I can sign the application he has to.

   The Court: So I direct Mr. Bruno to go down before the Grand Jury and the questions will be asked, and he will say, 'I refuse to answer on the grounds of self-incrimination', why, that's the end of it, isn't it?

   Mr. Crawford: Yes Sir.

   The Court: I direct you to take him down right now." (Appendix 60a).

2. *See In re Grand Jury Proceedings* (Schofield 1), 486 F.2d 85 (3rd Cir. 1973).

3. The affidavit of the Special Attorney in pertinent part averred that "the witness'· testimony is necessary to establish the extent and scope of the gambling operation and the identities of other participants in the illegal gambling business in order to establish whether or not Robert E. Ianelli, Augustine Ferrone, Anthony Pugliese, 'Junior' Riccuto, Richard Mascio, Bolo Dovishaw and others participated" in an illegal gambling business in the Western District of Pennsylvania in 1973 and 1974.

4. Fed.R.Crim.P. 42 provides:

   "a) *Summary Disposition.* A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

   "b) *Disposition upon Notice and Hearing.* A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury in any case in which an act of Congress so provides. He is entitled to admission to bail as provided in these rules. If the contempt charged in-

The Government, on the other hand, contends that the requirements of Fed.R. Crim.P. 42(b) do not apply to summary civil contempt proceedings initiated pursuant to the Recalcitrant Witness Statute, 28 U.S.C. § 1826(a).[5]

This precise issue has been decided by the Second and Ninth Circuits which had no difficulty in accommodating § 1826 to Rule 42. In *In re Sadin,* 509 F.2d 1252 (2d Cir. 1975), the Court held that "where, after a grant of immunity, a witness before the Grand Jury persists in his refusal to testify, he is basically entitled to the 'procedural regularities' prescribed by Rule 42(b)." 509 F.2d at 1255. And, *United States v. Alter,* 482 F.2d 1016 (9th Cir. 1973) in a similar factual setting held that the witness was "entitled to notice prescribed by Rule 42(b) and to a reasonable time to prepare his defense, i. e., to show 'just cause' for refusing to respond." 482 F.2d at 1023. This Court in *In re Grand Jury Investigation, Alexander Hartzell,* 542 F.2d 166 (3d Cir. 1976) cited *Sadin* and *Alter* with approval, but the pertinent language appears to be dictum, for *Hartzell* assumed rather than decided that Rule 42(b) is applicable in a Section 1826(a) contempt proceeding.

■ In our view, the right to a hearing and a reasonable time to prepare is implicit in the language of § 1826(a). The power of the Court to "summarily" punish for contempt is limited to those instances where the witness' refusal to respond is "without just cause." This language must be construed as affording the witness "the opportunity of presenting all defenses properly available to him", *Schofield I,* 486 F.2d at page 91 *citing Gelbard v. United States,* 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972), and, as a corollary, a reasonable time to prepare.

■ Bruno informed the Court, through counsel, that he wanted to contest his appearance before the grand jury on the grounds that he was subpoenaed for an improper purpose, i. e., to gather evidence in connection with the indictment then pending against Ianelli. The Government's response was twofold: first, that Bruno did not have standing to raise the issue; and secondly, that the *Schofield* affidavit was sufficient to overcome any challenge to the propriety of the grand jury proceedings. We express no views as to the merits of the issues raised by these contentions. We do hold, however, that Bruno was entitled to an opportunity to raise these issues and a reasonable time to prepare to litigate them, if necessary.

■ Of course, what is a reasonable time will vary with the circumstances of each case. Here the record shows that no more than fifteen minutes elapsed from the time Bruno refused to answer the grand jury's questions until he was adjudged in contempt.[6]

Whatever the merits of Bruno's "just cause" defense, fifteen minutes is just not enough time to prepare for and participate

---

volves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of guilt the court shall enter an order fixing the punishment."

**5.** Title 28 U.S.C. § 1826(a) reads:

"(a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of—

(1) the court proceeding, or

(2) the term of the grand jury, including extensions, before whicn such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

**6.** The transcript discloses that Bruno refused to answer the grand jury's questions sometime between 3:30 and 3:35 P.M. on September 22, 1976 (App. 29a, 30a) and that he was adjudged in contempt and ordered committed at proceedings which concluded at 3:45 P.M. that same day.

in a proceeding which could result in confinement of up to eighteen months.

The Order of the District Court is vacated and the case is remanded for further proceedings consistent with this opinion.