386 So.2d 908 (1980)
STATE of Louisiana
v.
August WALKER, Jr.
No. 65459.
Supreme Court of Louisiana.
March 3, 1980.
*909 Treating defendant's appeal to this Court as an application for writs and finding no merit in the assigned errors, the application is denied.
DIXON, J., would grant and assigns reasons.
CALOGERO, J., would grant.
DENNIS, J., would grant and assigns reasons.
DIXON, Justice (dissenting).
I respectfully dissent.
This is a criminal prosecution for the violation of a criminal statute. Defendant was sentenced to six months in jail or to pay $750. He was entitled to counsel under Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) and Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). See Louisiana State Board of Medical Examiners v. Bates, 258 La. 1049, 249 So.2d 127 (1971), where we held that defendant in a contempt proceeding (for violation of an injunction) was entitled to trial by jury because the contempt was punishable by imprisonment for more than six months.
DENNIS, Justice, dissenting.
I respectfully dissent and would hear the merits of August Walker's plea that he will be illegally imprisoned without benefit of counsel in this civil contempt proceeding.
The majority finds that he is entitled to no relief from his imprisonment without counsel because it interprets Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) as requiring a person to have an attorney only when his liberty is deprived in a criminal proceeding. I disagree respectfully.
Four United States circuit courts of appeals have considered the exact issue raised in this case. Each has concluded that due process requires that the right of an indigent to appointed counsel "must be extended to a contempt proceeding, be it civil or criminal, where the defendant is faced with the prospect of imprisonment." United States v. Anderson, 553 F.2d 1154, 1155 (1977); In re Di Bella, 518 F.2d 955, 959 (2nd Cir. 1975); In re Kilgo, 484 F.2d 1215 (4th Cir. 1973); Henkel v. Bradshaw, 483 F.2d 1386 (9th Cir. 1973); United States v. Sun Kung Kang, 468 F.2d 1368 (9th Cir. 1972). The Supreme Court in Argersinger v. Hamlin, supra, held that counsel must be provided for a defendant in any case where the accused may be imprisoned if found guilty. Although it is clear that this decision applies to criminal cases, Justice Douglas's majority opinion, as well as the concurring opinions of Chief Justice Burger and Justice Powell, with whom Justice Rehnquist concurred, suggest that where a court action may result in a deprivation of liberty, due process requires that the person facing loss of liberty be represented by counsel.
As the Court of Appeal in Anderson observed:
"Deprivation of liberty has the same effect on the confined person regardless of whether the proceeding is civil or criminal in nature. We agree with the decisions cited above and hold that the Constitution requires that counsel be appointed for indigent persons who may be confined pursuant to a finding of civil contempt. * * *"