**DOLE FRESH FRUIT CO., Appellee,**

v.

**UNITED BANANA CO., INC., Stanton Zebroski, Raymond Zebroski and Michael Lee, Appellants.**

**No. 1002, Docket 86–9060.**

United States Court of Appeals, Second Circuit.

Argued April 8, 1987.

Decided June 8, 1987.

Andrew B. Bowman, Westport, Ct., for appellants.

Brett Dignam, Bridgeport, Ct. (Zeldes, Needle & Cooper, Bridgeport, Ct., of counsel), for appellee.

Before LUMBARD, OAKES, and CARDAMONE, Circuit Judges.

OAKES, Circuit Judge:

This appeal is by a corporate defendant, United Banana Co., Inc. ("United"), and

three of its officers or employees from a civil contempt order entered by T.F. Gilroy Daly, Chief Judge, United States District Court for the District of Connecticut. Dole Fresh Fruit Co. ("Dole") had sued United, though not its officers, pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a–499s. The suit sought $93,530.82 for produce delivered to United between December 1985 and June 1986, for which United, contrary to 7 U.S.C. § 499b(4), had never paid. Judge Ellen Bree Burns entered a temporary restraining order ("TRO") against United on August 8, 1986, and then on August 19 Magistrate Thomas P. Smith recommended that a preliminary injunction enter against United and ordered that the TRO of August 8 "will remain in full force and effect unless, or until, modified or superseded by an Article III judge."[1] The TRO and recommended preliminary injunction required United and its "officers, agents, servants and employees" not to dissipate the assets of the statutory PACA trust of which Dole had claimed the benefit, *see* 7 U.S.C. § 499e(c)(2) (Supp. III 1985), and required the segregation of perishable agricultural assets subject to the trust or of the proceeds therefrom. United was not represented by counsel either at the issuance of the TRO or before the magistrate.

When Dole deposed appellant Michael Lee, United's Office Manager, on September 4, 1986, Lee testified that no inventory or proceeds of inventory were being held by United in a PACA trust for Dole. On September 10, 1986, Dole filed a motion for contempt and to compel compliance with the TRO and recommended preliminary injunction. The motion requested that United "and its responsible officers" be ordered to pay a fine of $1,000 per day for each day it had failed and continued to fail to establish a PACA trust in Dole's favor or comply with the orders of the court. On September 22, Judge Daly approved Magistrate

Smith's ruling and ordered United, though not the individual defendants, to show cause by September 26 why Dole's contempt motion should not be granted. United responded with an objection and affidavit from Lee to the effect that United was no longer doing business and had no funds or employees available to set up a PACA trust. On October 2, Judge Daly issued another order to show cause why the contempt motion should not be granted. Again, the order did not name the individual appellants. Dole then subpoenaed Lee and Raymond Zebroski, an officer of United, to appear at an October 10 hearing on the order. At that hearing attorney James Farrell appeared before Judge Daly, entering an appearance only for "the defendant," United. He represented that United was out of business, a prior $400,000 judgment on another PACA claim having been entered against it, and that Raymond Zebroski and Lee were unable to appear. The hearing was rescheduled for October 14.

The transcript of the October 10 hearing suggests that all present recognized that Farrell's client was United, but that he was also in contact with the subpoenaed witnesses and Stanton Zebroski, also an officer of United, about their attendance to give evidence and was able and willing to advise the Zebroskis and Lee about their obligations. For example, Judge Daly told Farrell at the end of the hearing that "[t]hey're under a court order [United, the Zebroskis, Lee] ... [I]f they are found to be dissipating their assets ... there are very serious consequences that attach. I'm sure you will advise them of that." On the other hand, there is no clear indication in the transcript that the individual United employees were being treated as defendants in the contempt proceedings Dole had already filed—only that they would be witnesses in that proceeding.

---

1. The power of a magistrate to extend a TRO issued by a judge is doubtful, even though that point is not raised on appeal. Under 28 U.S.C. § 636(b)(1)(A), a magistrate may not hear a motion for injunctive relief, although under subparagraph (B) he may conduct hearings and submit recommendations. TROs expire within ten days unless extended for another period not to exceed ten days. Fed.R.Civ.P. 65(b). Here the TRO expired on August 18 and even assuming the magistrate had the authority to extend Judge Burns' TRO, the extension would have expired under Rule 65(b) on August 28, 1986.

# 109

■ At the October 14 hearing the Zebroskis and Lee were present and were called to testify by Dole. Farrell again was present. There is some ambiguity about whom he was representing and who the defendants were. Farrell talked at the hearing about "the defendants or the defendant corporation," and Judge Daly suggested that the Zebroskis and Lee were defendants in the contempt suit, warning Farrell that "I can make a finding of contempt, assuming I have the authority, I could put those three men in jail." Judge Daly seemed to recognize, however, that Farrell represented only United, for he said to Farrell, "Your clients have not offered an excuse for ignoring the court order. I guess your client is United Banana. But I've heard two officers and an employee of that company testify here." On October 30 the district court granted the contempt motion, finding the three individuals as well as United in contempt. On November 13, the district court entered an order imposing daily fines of $1,000 on each appellant until Dole had been paid the $93,530.82 owed. The court ordered in addition that the individual defendants be imprisoned after November 22 if the entire amount owed had not been paid. The court adopted by reference the findings of fact proposed by Dole.[2]

Although United as well as the three individuals have filed an appeal, the briefs only speak to the three individuals. It is argued that they were denied due process in that, first, the order to show cause and other documents did not notify each or any of them that they were respondents in the contempt proceedings of October 14, 1986, and, second, they were never advised of their right to counsel, nor did any of them enjoy the assistance of counsel. Appellants argue too that the failure of the district court to make independent findings of fact and conclusions of law violated not only Fed.R.Civ.P. 52(a), *see* note 2, *supra*, but also their Fifth Amendment due process rights. Finally, it is argued that the sanctions imposed were excessive. We af-

firm the judgment against United but vacate the contempt orders and remand as to the three individual appellants.

■ Although the individual appellants were not parties to the underlying action and were not personally served, there is no question but that they were within the scope of the restraining order and subsequent injunction. The court was clearly empowered to hold these individuals in contempt for violating the TRO and injunction, or at least the latter. *See Musidor, B.V. v. Great American Screen,* 658 F.2d 60 (2d Cir.1981), *cert. denied,* 455 U.S. 944, 102 S.Ct. 1440, 71 L.Ed.2d 656 (1982); *Perfect Fit Indus., Inc. v. Acme Quilting Co.,* 646 F.2d 800, 808–10 (2d Cir.1981); *see generally* Fed.R.Civ.P. 65(d); *Vuitton et Fils S.A. v. Carousel Handbags,* 592 F.2d 126 (2d Cir.1979). Fed.R.Civ.P. 65(a)(1) provides that "[n]o preliminary injunction shall be issued without notice to the adverse party," but here the only adverse party was United, the corporation, and it, of course, did receive notice of the injunction. Though the injunction ran too against United's officers, agents, servants, and employees, there is no requirement that these persons receive notice. Rule 65(d) provides that an order granting an injunction "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." This second clause is not without ambiguity, but we think the absence of a comma between "them" and "who" and the repetition of the word "upon" indicate that officers, agents, servants, employees and attorneys need not "receive actual notice ... by personal service or otherwise" of the injunction; rather, only "those persons in active concert or participation" with the officers, agents, etc., need be given such notice.

*See Hagans v. Andrus,* 651 F.2d 622, 626 (9th Cir.), *cert. denied,* 454 U.S. 859, 102 S.Ct. 313, 70 L.Ed.2d 157 (1981).

2. This method of complying with Fed.R.Civ.P. 52(a) is frowned upon, *see* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2578 at 705 & n. 15 (1971), but is not necessarily fatal.

**110**

The individual appellants, however, faced with fines and imprisonment intended to coerce them to pay Dole, were entitled to notice that they were defendants in a contempt proceeding and adequate time to prepare a defense. *See In re Sadin*, 509 F.2d 1252, 1255 (2d Cir.1975). Though *Sadin* involved a civil contempt proceeding under 28 U.S.C. § 1826, the recalcitrant witness statute, this court held that the defendant was entitled to procedures prescribed in Fed.R.Crim.P. 42(b), quoting *Harris v. United States*, 382 U.S. 162, 167, 86 S.Ct. 352, 355–56, 15 L.Ed.2d 240 (1965), for the proposition that Fed.R.Crim.P. 42(b) "prescribes the 'procedural regularity' for *all* contempts in the federal regimes ... except those unusual situations envisioned by Rule 42(a) where instant action is necessary to protect the judicial institution itself." 509 F.2d at 1255. It is not clear on the record before us that the individual defendants here enjoyed either notice or reasonable opportunity to prepare a defense. Indeed, the district judge himself seems to have been unsure whether anyone other than United was a party to the contempt proceedings. No appearance was entered on behalf of the individuals. And though they were referred to from time to time during the proceedings and were subpoenaed as witnesses, they had no means of knowing that they were going personally to be held in contempt in the October 10 or 14 hearings.

Moreover, in *In re Di Bella*, 518 F.2d 955, 959 (2d Cir.1975), we held that a defendant is entitled to counsel in civil as well as in criminal contempt proceedings, saying that "the burden of imprisonment is just as great, regardless of what we call the order that imposed it. It is this fact that fosters the need for procedural protection." The proper course here would have been for the district court to explain to each appellant his entitlement to counsel. *See United States v. Edgerton*, 734 F.2d 913, 916 (2d Cir.1984). In addition, there seems to be a possibility of conflict between appellants, as recognized when Judge Daly characterized their explanations for noncompliance as "Tinker to Evers to Chance," recalling the old Chicago Cubs double-play combination. In these circumstances, the appellants should also have been informed of the advantages of separate representation. *Cf. Lace v. United States*, 736 F.2d 48, 50 (2d Cir.1984) (a criminal case).

Nor are we satisfied that the district court considered the factors that must be weighed before entry of a coercive remedy, primary among them here being the contemnors' financial resources and the probable effectiveness of the sanctions. Our uncertainty stems from the district court's decision not to make its own findings of fact and conclusions of law. None of the findings or conclusions that the district court incorporated by reference explain why personal fines would be effective, whether appellants could pay them, or why they should be in the amount of $1,000 per day. Though fines may be appropriate coercive measures in this case, under *Perfect Fit Industries, Inc. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir.), *cert. denied*, 459 U.S. 832, 106 S.Ct. 73, 74 L.Ed.2d 71 (1982), the court must before imposing them explicitly consider (1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him.[3]

Having stated the above, it becomes obvious that we must vacate the contempt orders against the individual appellants. The

---

3. The appellee argues that under *United States v. Rylander*, 460 U.S. 752, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983), appellants have the burden of production on the issue of their inability to pay the contempt fine. *Rylander*, however, does not govern in this case, because it concerns a contemnor's burden of producing evidence of inability to comply with an enforcement order as a defense to contempt. Though it may follow from *Rylander* that once a contempt fine has been imposed and the contemnor has failed to pay it, the contemnor has the burden of production as to inability to pay, *Rylander* certainly does not relieve the district court of the task of considering the initial appropriateness of a contempt sanction in light of the circumstances, including the contemnor's ability to pay.

remaining issue is whether on remand the district court should start anew with a notice to show cause directed against the individuals, or alternatively should be permitted to make findings on the questions whether the individual appellants had actual notice that they were being charged with contempt and whether United's counsel in fact represented them at the contempt proceedings. In view of the possibility of conflict among the individuals, we believe the former course is the one to pursue.

Judgment affirmed as to United Banana Co., Inc. Judgments as to Stanton Zebroski, Raymond Zebroski and Michael Lee vacated and remanded for proceedings in accordance with this opinion.