David F. LACE, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 867, Docket 83–2342.

United States Court of Appeals,
Second Circuit.

Argued March 20, 1984.

Decided June 1, 1984.

Barry E. Griffith, Rutland, Vt., for plaintiff-appellant.

Peter W. Hall, Asst. U.S. Atty., Rutland, Vt. (George W.F. Cook, U.S. Atty., Rutland, Vt., on the brief), for defendant-appellee.

Before LUMBARD, NEWMAN and PRATT, Circuit Judges.

PER CURIAM:

David Lace appeals from the October 20, 1983, judgment of the District Court for the District of Vermont (James S. Holden, Judge) denying his motion under 28 U.S.C. § 2255 (1982) to vacate his conviction entered upon his plea of guilty to a charge of conducting a criminal narcotics enterprise in violation of 21 U.S.C. § 848 (1982). *Lace v. U.S.*, 573 F.Supp. 950 (D.Vt.1983). Lace contends that he was denied the effective assistance of counsel in entering his plea because of a claimed conflict of interest arising from the fact that his lawyer's brother was a potential prosecution witness. Because we conclude that the District Judge's denial of the section 2255 motion may have been influenced by a failure fully to appreciate the potential conflict of interest that existed, we remand for reconsideration of Lace's motion.

Long prior to the episode that gave rise to the charges against Lace, he had met Clifford Steele, Esq. of Atlanta, Georgia, who represented him in this case. The meeting occurred in 1975 at the home of Clifford's brother, Wayne. Lace and Wayne were both living in southern Vermont. In 1978 Wayne was indicted on drug charges, and Clifford rendered assistance to him both as an attorney and as a family member. When Lace was arrested in 1979 in connection with the instant case, he retained Clifford as his lawyer.

Wayne's relationship to the charges against Lace was evident from the outset

of the prosecution. The affidavits supporting the issuance of a search warrant reported an informant's allegation that Lace and a co-defendant had supplied cocaine to Wayne Steele. Evidently concerned that references to drug activities of his brother Wayne would embarrass himself and his family, Clifford sought an order barring the Government and its witnesses from mentioning at trial the name of Wayne Steele or any attorney of record. The District Court did not accede to this request, but did rule that no reference should be made of the relationship between Wayne and Clifford and that Clifford should be notified prior to the offer of any testimony referring to Wayne.

Thereafter the Government added Wayne's name to a list of witnesses expected to be called at trial. Upon being served with a trial subpoena, Wayne called his brother Clifford and asked him questions about his (Wayne's) situation. When asked about these conversations at the hearing on the section 2255 motion, Clifford asserted the attorney-client privilege and testified that Wayne "was a client of mine." Clifford also testified that, based on his conversations with Wayne, he (Clifford) was convinced that the Government was not going to call Wayne as a witness. Furthermore, Clifford stated that he knew he would have to withdraw as counsel for Lace if Wayne appeared as a witness and that he so informed Lace of this possibility.

Ultimately Lace pled guilty, subject to a condition that his sentence, which could have been life imprisonment, would be no more than the statutory minimum of ten years. Lace also reserved the right to appeal the denial of motions to suppress. This Court affirmed the conviction. *United States v. Lace*, 669 F.2d 46 (2d Cir.), *cert. denied*, 459 U.S. 854, 103 S.Ct. 121, 74 L.Ed.2d 106 (1982).

After an evidentiary hearing on the section 2255 motion, at which both Lace and Clifford Steele testified, Judge Holden denied the motion. His memorandum decision asserted, "At no time has there been any indication to the court that Clifford Steele represented his brother Wayne in an attorney and client relationship." 573 F.Supp. at 953. This observation led to the conclusion that Lace's right to the effective assistance of counsel was not impaired by any conflict of interest or divided loyalties. Focusing on the validity of the guilty plea, Judge Holden stated that "there is no indication that the inclusion of the name of Wayne Steele on the witness list provided by the Government was a factor" in the entry of Lace's plea and that there was no basis for vacating the conviction based on that plea. *Id.* at 954.

▪ The Supreme Court has recently discussed the content of the Sixth Amendment's guarantee of the "Assistance of Counsel." *United States v. Cronic*, —— U.S. ——, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court explained that a defendant attacking a conviction for lack of "effective assistance of counsel," *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970), must show that counsel's performance was "deficient," *i.e.*, "below an objective standard of reasonableness," and that "the deficient performance prejudiced the defense." *Washington, supra*, —— U.S. at ——, 104 S.Ct. at 2064. However, the Court reiterated its view, previously expressed in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), that defendants claiming ineffective assistance of counsel based on counsel's alleged conflict of interest need not establish prejudice. At the same time, the Court made clear that a conflict of interest does not trigger a *"per se* rule of prejudice." *Washington, supra*, —— U.S. at ——, 104 S.Ct. at 2067. "Prejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and 'that an actual conflict of interest adversely affected his lawyer's performance.' *Cuyler v. Sullivan, supra*, 446 U.S. at 350, 348, 100 S.Ct. at 1719, 1718 (footnote omitted)." *Id.*

In the instant case, the District Court began its analysis on an incorrect basis by

finding that Clifford Steele did not represent his brother Wayne "in an attorney and client relationship." This finding was clearly erroneous in view of Clifford's undisputed statement that Wayne "was a client of mine," Wayne's call to Clifford after receiving a trial subpoena, and Clifford's refusal to disclose the content of that call because of the attorney-client privilege. Since Clifford was representing Wayne, who was listed as a prosecution witness against Lace, Clifford had a conflict of interest that precluded his representation of Lace, unless Lace, upon full explanation of the fact and implications of the conflict, explicitly asserted the right to proceed with Clifford as his counsel. *See United States v. Curcio,* 680 F.2d 881 (2d Cir.1982); *see also United States v. Curcio,* 694 F.2d 14 (2d Cir.1982); *United States v. Cunningham,* 672 F.2d 1064 (2d Cir.1982). Clifford himself recognized that his conflict would preclude his representation of Lace at trial in the event Wayne became a witness. Apparently he did not appreciate the potential problems that could arise if his role as counsel precipitated a mid-trial withdrawal or if, as occurred, the adequacy of his advice concerning a guilty plea was challenged.

■ As the Supreme Court has made clear in *Strickland v. Washington, supra,* and *Cuyler v. Sullivan, supra,* a lawyer's conflict of interest does not invalidate a conviction unless the conflict adversely affected the lawyer's performance. For example, in *Dukes v. Warden,* 406 U.S. 250, 92 S.Ct. 1551, 32 L.Ed.2d 45 (1972), a lawyer counseled one defendant to plead guilty and then, representing his co-defendants, urged leniency for them at their sentencing on the ground that their cooperation had induced the first defendant to plead guilty. The conviction was not invalidated because, as characterized in *Cuyler v. Sullivan, supra,* 446 U.S. at 349, 100 S.Ct. at 1718, the defendant alleging ineffective assistance of counsel "did not identify an actual lapse in representation." Similarly, in this case, it may well be that Clifford's conflict, which would have prevented a vigorous cross-examination of Wayne if Lace had gone to trial, did not result in any deficiency in the quality of representation Clifford gave Lace in connection with the guilty plea. The fact that Lace's plea may have coincided with a personal preference of Clifford's to avoid a situation in which Wayne's activities would receive added attention does not necessarily mean that Clifford failed adequately to counsel Lace in regard to the plea. A client's voluntary decision to plead guilty may coincide with the preference of his lawyer arising from a multitude of personal considerations. Clifford's advice to Lace may have been not only reasonably competent, it may have been complete and accurate in every respect and, under the circumstances, particularly the sentence agreement, good advice indeed.

■ Even though the focus of the inquiry under *Cuyler v. Sullivan* must be upon the existence of "an actual lapse in representation," we think a district judge making that inquiry must start with a correct understanding of any conflict of interest that may exist. Judge Holden ultimately concluded that the possibility that Wayne might testify at Lace's trial was not a factor in Lace's guilty plea and that Lace was not denied the effective assistance of counsel. 573 F.Supp. at 954. It may well be that both of these conclusions are correct. Before considering them, however, we deem it prudent to return the matter to the District Court for focused consideration of the adequacy of the representation Lace received in connection with his guilty plea, assessed in light of his lawyer's conflict of interest. In the event of a subsequent appeal from a judgment of the District Court after remand, this panel will retain jurisdiction.

The judgment denying the section 2255 motion is vacated, and the cause is remanded for proceedings consistent with this opinion.