UNITED STATES of America, et al.

v.

DARWIN CONSTRUCTION
COMPANY, et al.

Civ. No. Y-86-67.

United States District Court,
D. Maryland.

March 1, 1988.

See also, 679 F.Supp. 531.

Breckinridge L. Willcox, U.S. Atty., for the State of Md., Baltimore, Md., and Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., for petitioners. Frederic Baker, Washington, D.C., of counsel.

Price O. Gielen, Baltimore, Md., Randall J. Turk, Washington, D.C., and R. Stan Mortenson, Washington, D.C., for respondents and intervenors.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

On the date its payment was due on the civil contempt fine levied by this Court, respondent Darwin Construction Company filed a motion to set aside or reduce the fine pursuant to Fed.R.Civ.P. 59(e). In the attached order, the Court extends the time for payment of the fine for an additional fourteen days and denies respondent's motion. This memorandum * will resolve re-

---

* The case history and facts are detailed in the Court's memorandum dated February 4, 1988, reported at 679 F.Supp. 531 (D.Md.).

That memorandum should be considered modified as noted herein to the limited extent that it

spondent's doubts that the Court carefully considered appropriate factors in determining that respondent was in contempt of the Court's order to comply with the IRS summons for six days. The Court finds respondent's legal arguments unavailing and affirms its choice of the $5000 per day level of the fine, the "specific penalty" chosen at the second stage of the contempt litigation on June 23, 1986. *See U.S. v. Darwin Construction Co., Inc.*, 679 F.Supp. 531, 532 (D.Md.1988).

On June 23, 1986, the Court ordered respondent to comply with the IRS summons or face penalties of $5000 per day for non-compliance. The order was not designed to compensate the petitioner for its expenses in bringing the suit, nor has the petitioner ever pled or proven such expenses. Rather the purpose of this second-stage contempt order was coercive, but not punitive: it was chosen to encourage respondent to produce documents which they continued to withhold even after this Court's initial order was affirmed on interlocutory appeal. At the third-stage of this contempt litigation, the Court held an assessment hearing on January 22, 1988, to determine whether the fine should be imposed. In the memorandum opinion and order dated February 4, 1988, the Court found that respondent violated the Court's second-stage order for a period of six days and ordered it to pay $30,000 into the Registry of the Court. The Court based its determination of contempt upon the respondent's preferred theory of substantial compliance, but also made a finding upon respondent's good faith defense.

RESPONDENT'S DEFENSES

The essence of respondent's argument is that "it is clear that Darwin did everything it possibly could after the order was entered" and that the "order served its purpose, and Darwin should not now be subject to an inordinately severe fine that in effect punishes Darwin for what the Court feels Darwin failed to do prior to the entry of the contempt order." Respondent's memorandum in support at 14. The Court rejects both assertions.

Respondent attacks the basis of the Court's ruling upon these two defenses and implies that the Court improperly considered Darwin's inadequate preparation for production of documents in determining its subsequent non-compliance. Respondent's memorandum at 12–14. Specifically, Darwin claims that the items produced six days late were "lost" and that "considering only the period from the contempt order forward, immediate production of the lost items was impossible." *Id.* at 13. "Because this is a civil contempt proceeding, the Court should consider only Darwin's efforts to comply *subsequent* to the contempt order. Focusing on these efforts, it is clear that Darwin did everything it possibly could after the order was entered." *Id.* at 14 (emphasis in original).

■ Darwin was required to comply substantially with the Court's order. Substantial compliance is found where "all reasonable steps" have been taken to ensure compliance: inadvertent omissions are excused only if such steps were taken. *See* 679 F.Supp. at 536. Darwin argues only that there were "difficulties in arranging compliance.... Darwin could not reasonably be expected to find financial records that were labelled with the wrong year or that were located in a closed box of engineering materials buried behind dozens of other boxes in Darwin's cramped quarters." Respondent's memorandum at 12. But Darwin does not assert that the documents missing from the first production on June 24, 1986, were beyond its possession or control. Nor does Darwin point to any special efforts made to ensure that the June 24 production was complete. Indeed, the Court found that unrefuted evidence presented at the assessment hearing showed "Skweres' ignorance as to the contents of the nine boxes hurriedly dumped at Agent Kohorst's office without identification or even concern regarding their completeness...." 679 F.Supp. at 537. Furthermore, neither Darwin nor its attorneys initiated contact with Agent Kohorst to ensure that the production was complete. It is clear that Darwin did not

provides a more detailed basis and justification for the level of the fine chosen.

take "all reasonable steps" to ensure complete production until *after* it was notified by Agent Kohorst that some documents were still unproduced and additional efforts to find the missing documents were made. Darwin's efforts to achieve complete production between June 27 and June 30 do not transform its initial failure to make substantial compliance at the time of the first production. Thus, compliance was insubstantial until the second production occurred on June 30, 1986. This finding is based solely upon Darwin's inattentiveness after the June 23 order was issued.

■ Darwin's good faith defense is also rejected on the basis of its indifference regarding the completeness of the initial production, but particularly in light of the opportunity it had to prepare for production before the Court's order on June 23, 1986. Respondent claims that "[u]nbeknownst to anybody ... there remained in Darwin's offices following Skweres' search [before June 23] a few items sought by the summons...." Respondent's memorandum at 3. However, the fact that documents were found quickly after notification that they were missing from the initial production shows that they were easily obtainable before such notification. The evidence produced at the assessment hearing leaves no doubt that Darwin either knew that documents were missing or took no special steps to find out before the June 23 hearing. Darwin's initial production, grounded in indifference and ignorance as to the completeness, did not show good faith where Darwin had over one year to ensure that all the documents listed in the summons were located and more than eight weeks' notice that this Court's contempt order would be enforced. Respondent's argument that good faith is shown by Skweres' cooperation in conducting "yet another search of Darwin's offices to locate any records that might assist Agent Kohorst in any way, including alternative sources of the requested information," *id.* at 4, is irrelevant: a good faith effort to produce documents after they are discovered missing and overdue does not show good faith regarding the initial production. The swiftness of subsequent discovery indicates only the paucity of good faith efforts to comply fully in the initial production.

## REDUCTION OF THE FINE

■ The Court also rejects respondent's chief demand that the fine be reduced from the threatened $5000 per day to a lower daily rate reflecting "Darwin's efforts to comply ... sufficient ... to warrant excusing most or all of the fine." Respondent's memorandum at 9 n. 9.

The $5000 per day penalty was pre-specified at a rate determined by the Court to be reasonable based upon the non-complying party's previous reluctance to obey the Court's directives, the corporate character of the non-complying party, and the injury to justice which further contempt would invite. The Court's second-stage conditional order necessarily dictated an "all or nothing" penalty based upon a subsequent determination of non-compliance. That determination was made by the Court upon evidence produced at the assessment hearing based upon respondent's substantial compliance defense. The Court found that substantial compliance occurred only after six days of insubstantial compliance.

The subject of a conditional contempt order cannot expect the Court to threaten to fine the party for non-compliance with a court order at a certain rate and then later find that party to be non-complying but yet deserving of a lesser penalty. The coercive power of a threatened penalty is nullified if the Court is unable to enforce the penalty later at the pre-specified rate. That the factual circumstances under which the Court will find compliance or non-compliance are unclear *ex ante* does not necessitate *ex post* adjustment of the penalty at the assessment stage of the proceedings. The object of the order is to encourage full compliance by setting a known cost for non-compliance. If the Court were required to adjust the cost downward according to the degree of compliance, then the $5000 per day penalty would be indeterminant and therefore less effective in encouraging compliance.

The overtone of respondent's argument is that the subject of a court order bears the risk of subsequent determination regarding the substantiality of compliance, and therefore the cost of non-compliance should be reduced for good faith efforts to comply or for "near-perfect" document productions. The subject of a court order does bear the risk of an "all or nothing" per day fine, but the allocation of such risk to the noncomplying party is consonant with the coercive purpose of the conditional order. Adjusting the per day rate after the fact would not reduce this risk but rather would increase the uncertainty regarding the total penalty faced by the non-complying party. The purposes of the civil coercive contempt power are better served by fixing the rate of fine in advance and leaving only the period of non-compliance in question for later determination.

The Court is aware that some courts have indicated that imposition of a civil coercive contempt fine must be based upon a consideration of certain factors: "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanctions in bringing about the result desired." *United States v. United Mine Workers of America,* 330 U.S. 258, 304, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1947); *Dole Fresh Fruit Co. v. United Banana Co., Inc.,* 821 F.2d 106, 110 (2nd Cir.1987); *General Signal Corp. v. Donallco, Inc.,* 787 F.2d 1376, 1380 (9th Cir.1986). The Court did not announce its reasons for choosing $5000 per day when it issued the second-stage conditional order on June 23, 1986, but it did implicitly consider the required factors. As noted above, the Court determined $5000 per day to be appropriate in light of the prior refusal of Darwin to comply with the summons following Judge Murnaghan's denial of a stay on April 25, 1986, the corporate character of Darwin, and the frustration of justice which would be caused by continued refusal to comply with the government's summons.

Respondent does not now argue, nor did it argue in June, 1986, that there was any reasonable and effective alternative inducement to compliance. Nor did it complain in 1986, about the choice of $5000 per day as the level of the conditional fine. *See* transcript of June 23, 1986 hearing at 42–43. *United Mine Workers, supra,* and the other cases cited by respondent in their motion to set aside do not dictate that these factors must be reconsidered at the assessment stage after a finding that the conditional order of contempt was violated. The sole authority indicating to the contrary, *Brotherhood of Locomotive Firemen and Enginemen v. Bangor & Aroostock Railroad Co.,* 380 F.2d 570 (D.C.Cir.), *cert. denied,* 389 U.S. 327, 88 S.Ct. 437, 19 L.Ed.2d 560 (1967), was a labor back-to-work decision which directed that the court must use extreme care in tailoring the fine where there is "complexity of the outstanding order, possible ambiguities [and] ... difficulties in arranging compliance." 380 F.2d at 582. None of these complicating factors are present here: the summons listed specific documents to be produced and any possible ambiguity as to the acceptable form of document production was resolved in favor of Darwin at the assessment hearing. *See Darwin,* 679 F.Supp. at 535.

## CONCLUSION

The Court today rules that a pre-specified daily contempt fine for non-compliance need not be adjusted at the assessment stage. The only mitigating factors are the defenses raised by respondent: substantial compliance and, perhaps, good faith. These defenses were rejected in the Court's February 4, 1988 memorandum and order and are rejected again today. The Court will not consider reduction of the fine, nor, does it find that a $5000 per day fine was then, or is now, unreasonable in light of the appropriate considerations. Such a civil contempt fine is within the discretion of the Court. *See Folk v. Wallace Business Forms, Inc.,* 394 F.2d 240, 244 (4th Cir. 1968).